**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1087
_____

UNITED STATES OF AMERICA

v.

CRISTIAN VALENCIA MENDOZA,
*Appellant*

_____

On Appeal from the District Court of the Virgin Islands
(District Court No. 3:20-cr-00003-001)
District Judge: Honorable Robert A. Molloy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 10, 2021
_____

Before: McKEE, RESTREPO, and SMITH *Circuit Judges*

(Opinion filed: March 8, 2022)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.

Restrepo, *Circuit Judge*.

Cristian Mendoza challenges the constitutionality of 46 U.S.C. § 70501 et seq., as applied to him, arguing that the District Court plainly erred in failing to dismiss the indictment against him in this case. For the reasons that follow, we will affirm the judgment of the District Court.

## I.[1]

The Maritime Drug Law Enforcement Act ("MDLEA") allows for the prosecution of illegal drugs in the United States.[2] It is frequently used to combat drug trafficking across foreign and international waters. The MDLEA extends United States jurisdiction to vessels under certain circumstances, including "vessel[s] without nationality."[3] The MDLEA defines the term "vessel without nationality,"[4] but does not expressly require that the vessel be in international waters.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3241. We have jurisdiction under 28 U.S.C. § 1291. An appellant's constitutional challenge, first asserted on appeal, is subject to plain error review. *See Gov't of V. I. v. Vanterpool*, 767 F.3d 157, 162-63 (3d Cir. 2014). "To prevail on plain error review, [Mendoza] must establish that there was an error, that it was plain (*i.e.*, clear under current law), and that it affected [his] substantial rights . . . If these requirements are met, we may then exercise our discretion to address the error, but only if we conclude that the error seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *United States v. Fattah*, 914 F.3d 112, 172 (3d Cir. 2019) (internal citations omitted).

[2] 46 U.S.C. § 70501.

[3] 46 U.S.C. § 70502(c)(1)(A).

[4] 46 U.S.C. § 70502(d)(1).

## II.[5]

The government charged Mendoza with possession with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, as well as aiding and abetting and conspiracy.[6]  Mendoza argues that he was convicted without the government establishing any evidence that the vessel he was aboard was in international waters, "and thus his prosecution was unconstitutional." Appellant 10.  He therefore reasons that any "acts" committed by him were outside the reach of United States law.  *Id.*

At trial, the government presented evidence regarding the vessel's lack of nationality, including testimony from United States Coast Guard Ensign Robert James Dirado ("Officer Dirado") and United States Coast Guard Lieutenant, Second Grade John Michael Groen ("Officer Groen").  Officer Dirado, who approached Mendoza's vessel, testified that he observed the vessel in "international waters" and saw no indicia of nationality after conducting a "Right of Visitation Boarding."[7] App. 118, 121.  Officer Groen testified he also looked for signs of nationality aboard Mendoza's vessel and found none.

Mendoza acknowledges "a vessel without nationality" is subject to the jurisdiction of the United States. Appellant 21.  Despite this concession, Mendoza argues that "the

---

[5] As we write for the benefit of the parties, we set out only the facts necessary for the discussion that follows.

[6] *See* 46 U.S.C. §§ 70502(c)(1)(A); 70503(a)(1); 70506(a); 70506(b); and 18 U.S.C. § 2.

[7] "A Right of Visitation Boarding is a boarding with the scope and purpose of the boarding to determine the nationality or if there is a nationality of a vessel in international waters."  App. 117.

3

MDLEA cannot be extended where it is unknown in what waters the vessel was found." Appellant 22. He contends his vessel could not be deemed "'without nationality' because it was not established that it was in international waters. Appellant 10.

Section 70504, however, explicitly states that whether a vessel is subject to the jurisdiction of the United States is a question of law for the judge to decide in the first instance, not the jury.[8] Mendoza bore the burden of raising such a challenge pretrial, and he did not. This means that the government did not need to establish to the jury that his vessel was in international waters; the government only needed to establish that his vessel was without nationality.[9] Since it is clear from the record that Mendoza was aboard a vessel without nationality, the District Court committed no plain error. Mendoza has failed to identify any plain errors committed by the District Court during his trial that affected his substantial rights.

### III. CONCLUSION

For the reasons set forth above, we will affirm the judgment of the District Court.

---

[8] 46 U.S.C. § 70504.
[9] *See* 46 U.S.C. § 70502(d)(1).